UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 1466

------------------------------------X
JOSEPH P. GRIFFIN,

               Plaintiff,

             -against-

THE CITY OF NEW YORK,
MARVIN JOHNSON, JOHN DOE #1,
JOHN DOE #2 and JOHN DOE #3, the
last three named defendants being
fictitious and representing police officers
whose identities currently are unknown
to plaintiff,

             Defendants.
------------------------------------X

**COMPLAINT**

Trial by Jury Demanded



Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES, JURISDICTION and VENUE

1. That plaintiff is a citizen of the State of Arkansas.

2. That upon information and belief, at all times herein mentioned, defendants were and are citizens of the State of New York.

3. That this Court has jurisdiction over this matter under 28 USC § 1332 in that there is diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. That this Court also has jurisdiction over this action in that some of the causes of action herein arise under 42 USC § 1983.

5. That venue is proper in the Southern District of New York pursuant to 28 USC § 1391(a) in that the events giving rise to this action occurred in this district.

6. That at all times herein mentioned, defendant The City of New York was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

7. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, plaintiff served a Notice of Claim and intention to sue on the City of New York; that on September 12, 2012, an Amended Notice of Claim and intention to sue was served on behalf of plaintiff on the City of New York and on defendant Marvin Johnson; that on January 31, 2013, by order of the Supreme Court of the State of New York, County of New York, plaintiff's motion for leave, *nunc pro tunc*, to amend the Notice of Claim that was timely served on the City of New York or, alternatively, for leave, *nunc pro tunc*, to serve a late notice of claim was granted; that this action was not commenced until the expiration of thirty (30) days after such notices of claim and intention to sue were presented and the City of New York and Marvin Johnson have neglected and/or refused to make adjustment or payment thereon; and this action is being commenced within one year and ninety days after the causes of action accrued herein.

8. That at all times herein mentioned, the City of New York (hereinafter "the City") operated, controlled, and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

9. That at all times herein mentioned, Marvin Johnson (hereinafter "Johnson") was and is employed as a police officer with the NYPD.

10. That at all times herein mentioned, Johnson was acting within the course and scope of his employment with the NYPD.

11. That at all times herein mentioned, Johnson was acting under color of state law.

12. That at all times herein mentioned, defendants John Doe #1, John Doe #2, and John Doe #3 (hereinafter referred to collectively as "the John Does") were and are employed as police officers with the NYPD.

13. That at all times herein mentioned, the John Does were acting within the course and scope of their employment with the NYPD.

14. That at all times herein mentioned, the John Does were acting under color of state law.

15. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

16. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

17. That on December 11, 2011, plaintiff, an Administrative Law Judge employed by the City of New York, was inside the men's room of the Staten Island Ferry Terminal, in the County of New York, City and State of New York, seeking to use the facilities in that room.

18. That while inside the men's room, and before he was able to use the facilities, plaintiff encountered a visibly agitated, irate, and apparently deranged man, who was yelling.

19. In apparent response to the yelling from this other man, Johnson and the John Does (hereinafter referred to collectively as "the officers") entered the men's room.

20. After they entered the men's room, one or more of the officers directed plaintiff, who still had not used the facilities, to leave the men's room.

21. In response to this directive, plaintiff inquired of the officers as to why he had to leave, only to be told again, this time in a more forceful and profane manner, that he needed to leave the men's room.

22. Thereafter, plaintiff advised the officers that he was a former prosecutor and fellow of the ACLU, that he knew his rights, and that he was not required to leave the men's room.

23. That plaintiff's statement to the officers constituted protected speech under the Free Speech Clause of the First Amendment of the United States Constitution.

24. That in response to plaintiff's exercise of his rights under the First Amendment, and without any justification, the officers forcibly seized and grabbed plaintiff, forcibly slammed plaintiff's face against the floor (fracturing plaintiff's teeth), and otherwise used excessive force against plaintiff.

25. That the aforesaid actions of the City, by and through its agents, servants and/or employees, including the officers, were undertaken without a warrant and without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or violation, and without otherwise being justified.

26. That the aforesaid actions of the City, by and through its agents, servants and/or employees, including the officers, were in fact motivated by a desire to punish plaintiff and to retaliate against plaintiff for having voiced criticism at NYPD officers and for having exercised his First Amendment right of free speech.

27. That the officers then forcibly detained plaintiff, in handcuffs and against his will, and forcibly removed plaintiff from the men's room.

28. That the officers then forcibly removed plaintiff to the NYPD 1st Precinct.

29. That while at the NYPD precinct, the officers and other agents, servants and/or employees of the NYPD, kept plaintiff imprisoned and refused to allow plaintiff to use the bathroom facilities inside the precinct.

30. That on December 11, 2011, the City, by and though its agents, servants and/or employees, including Johnson, also issued and/or caused to be issued a Criminal Court summons to plaintiff, charging plaintiff with a violation of Penal Law § 240.20(1) ("engaging in a fight").

31. That the aforesaid actions by the City, by and through its agents, servants and/or employees, including the officers, were motivated by a desire to cover up their own malfeasance in brutally attacking plaintiff inside the Staten Island Ferry and causing plaintiff to sustain personal injuries.

32. That on April 5, 2012, the criminal charges brought against plaintiff were dismissed on the merits and the criminal proceeding resulted in a termination favorable to plaintiff.

33. That Johnson and the John Does each observed the illegal conduct in which their fellow officers engaged, and each had the opportunity to intervene to prevent and/or stop said illegal conduct, and each failed and refused to do so.

34. That the actions of defendants were intentional, malicious, spiteful, and done with the specific purpose of causing harm, physical and otherwise, to plaintiff.

35. That as a result of the actions of defendants, plaintiff sustained severe physical and psychological injuries and emotional distress, endured and will continue to endure pain and suffering and loss of enjoyment of life, and incurred and will continue to incur dental and other healthcare expenses, and other economic loss.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(State Law Claim: Assault and Battery)

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. That the aforesaid actions by defendants constituted an assault and battery upon plaintiff under New York State law, for which Johnson and the John Does are answerable in damages and for which the City is vicariously liable under the doctrine of respondeat superior.

### SECOND CAUSE OF ACTION AGAINST MARVIN and THE JOHN DOES
(42 U.S.C. § 1983: Excessive Force)

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39. That the aforesaid actions by defendants constituted excessive force against plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(State Law Claim: False Arrest/Imprisonment)

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. That the aforesaid actions by defendants constituted a false arrest and false imprisonment of plaintiff under New York State law, for which Johnson and the John Does are answerable in damages and for which the City is vicariously liable under the doctrine of respondeat superior.

### FOURTH CAUSE OF ACTION AGAINST JOHNSON and THE JOHN DOES
(42 U.S.C. § 1983: False Arrest/Imprisonment)

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. That the aforesaid actions by defendants constituted a false arrest and imprisonment and an illegal seizure of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION JOHNSON and THE JOHN DOES
(42 U.S.C. § 1983: First Amendment Violation)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the aforesaid actions by defendants constituted a violation of the proscription against prohibiting or abridging plaintiff's freedom of speech and his right to petition the government for a redress of grievances, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION JOHNSON and THE JOHN DOES
(42 U.S.C. § 1983: Failure to Intervene)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. That the aforesaid actions by defendants in failing to intervene to prevent and/or stop the illegal conduct in which their fellow officers were engaged constituted violations of plaintiff's rights under the First and Fourth Amendments to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, as follows: On the First Cause of Action: Two Million ($2,000,000) Dollars; On the Second Cause of Action: Two Million ($2,000,000) Dollars; On the Third Cause of Action: Two Million ($2,000,000) Dollars; On the Fourth Cause of Action: Two Million ($2,000,000) Dollars; On the Fifth Cause of Action: Two Million ($2,000,000) Dollars; On the Sixth Cause of Action: Two Million ($2,000,000) Dollars; and plaintiff demands punitive damages against Johnson and the John Does, each in the amount of One Million ($1,000,000.00) Dollars, and plaintiff demands attorney's fees pursuant to 42 USC § 1988, and the costs and disbursements of this action.

Dated: New York, New York
       March 4, 2013

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

                                        By_____
                                        Edward Sivin
                                        Attorneys for Plaintiff
                                        20 Vesey Street, Suite 1400
                                        New York, NY 10007
                                        (212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH P. GRIFFIN,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, et. al.,

        Defendants.

---

# COMPLAINT

---

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
FAX (212) 406-9462